NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY DELBRIDGE, | Civil Action No. 18-9707 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| K. ANTHONY THOMAS, et al., | |
| Defendants. | |

**LINARES**, Chief District Judge:

Currently before the Court is the complaint (ECF No. 1) and application to proceed *in forma pauperis* (Document 1-2 attached to ECF No. 1) of Plaintiff Anthony Delbridge raising claims against his Federal Public Defender and an Assistant United States Attorney involved in his violation of supervised release proceedings. Based on Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and the Court will therefore grant Plaintiff's application to proceed *in forma pauperis*. As the Court is granting Plaintiff *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice in its entirety.

## I. BACKGROUND

On April 14, 2015, Plaintiff, Anthony Delbridge, was arrested for violating his term of supervised release following his arrest on felony charges in New Jersey. (*See* Docket No. 07-210 at ECF Nos. 25-28). On May 20, 2015, however, Plaintiff's pending federal violation matter was stayed pending the outcome of his state court charges. (Docket No. 07-210 at ECF No. 31). While Plaintiff was placed on 24-hour home confinement for a time (*see* Docket No. 07-210 at ECF No. 32), following new state court charges, Plaintiff was once again arrested, arraigned, and placed into federal custody. (Docket No. 07-210 at ECF No. 35). Plaintiff has remained detained since that time, awaiting his final hearing on his supervised release violation. (Docket No. 07-210 at ECF No. 39).

On or about May 30, 2018, Plaintiff filed his current complaint. (ECF No. 1). In his complaint, Plaintiff alleges that the Assistant United States Attorney assigned to his violation matter made "false statements" to the Magistrate Judge at his April 2, 2018, bail hearing to prevent his release. (ECF No. 1 at 6). Plaintiff asserts that these statements resulted in his being held "past [his] violation time" because he has allegedly been detained for a total of 23 months while his violation matter has been pending, despite the fact that he alleges that his maximum potential sentence for his violation is eight to fourteen months. (*Id.* at 5-6). Plaintiff essentially contends that this amounts to his being falsely imprisoned by the Government. (*Id.*). Plaintiff also alleges that his Federal Public Defender failed to meet with him and has largely ignored him, and that his attorney therefore also denied him his right to release. (*Id.* at 6).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

(3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (italics added).

**B. Analysis**

In his complaint, Plaintiff seeks to raise claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of his rights. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "A *Bivens* action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law," and the same legal principles and analyses apply to a federal actor under *Bivens* as would apply under § 1983 for a state actor. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). "The first step in evaluating a section 1983 [or *Bivens*] claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).

In his complaint, Plaintiff seeks to raise claims against his Federal Public Defender and the Assistant United States Attorney assigned to his pending violation of supervised release charges. Specifically, Plaintiff attempts to assert that he has been held beyond his maximum sentence time pursuant to his violation of supervised release as a result of the Assistant United States Attorney's actions at an April 2018 bail hearing. Although Plaintiff refers to his claim as one for false imprisonment, because his claim arises out of actions taken after Plaintiff was held over pursuant to legal process – *i.e.*, statements made at and after his bail hearing – his claim would actually be one for malicious prosecution. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (false imprisonment only applies to claims that one is being held *without legal process*, while malicious prosecution applies to claims that one is being wrongfully held pursuant to the *wrongful institution of legal process*). A malicious prosecution claim under *Bivens*, however, could only succeed if Plaintiff could show that his violation proceedings had terminated in his favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As Plaintiff's final violation hearing has not yet occurred, he cannot make this showing, and his malicious prosecution claim must therefore be dismissed.[2]

Turning to the Federal Public Defender, Defendant Thomas, Plaintiff seeks to make claims against his criminal defense attorney. Criminal defense attorneys, including "public defenders

---

[2] Additionally, the Court notes that prosecutors are generally immune for actions taken in connection with the initiation and pursuit of criminal prosecution. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). As the conduct in question here – making statements as part of an adversarial bail proceeding – appears to be a purely prosecutorial action, Defendant A.U.S.A. Mary Toscano is likely entitled to immunity from suit for the conduct about which Plaintiff complains even if he could show favorable termination.

and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability" under either § 1983 or *Bivens*. *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). Even those defense attorneys employed by the federal or state government enjoy this immunity because defense counsel "does not act under color of state [or federal] law when performing a lawyer's traditional functions." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). As Plaintiff's claims against Thomas arise solely out of actions or inactions taken by Thomas as Plaintiff's defense attorney, he is not a federal actor for the purposes of this *Bivens* matter, and Plaintiff's claims against him must be dismissed. Plaintiff's complaint must therefore be dismissed without prejudice in its entirety.

## III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED and his complaint shall be DISMISSED WITHOUT PREJUDICE in its entirety. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court

Dated: June 4, 2018